UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

VICTOR MANCE,

               Petitioner,          16 Civ. 7249

   -against-                           OPINION

UNITED STATES PAROLE COMMISSION,

               Respondent.

------------------------------------X

A P P E A R A N C E S:

   Pro Se

   VICTOR MANCE
   F.C.I. Otisville
   P.O. Box 1000
   Otisville, NY 10963

   Attorneys for Respondent

   United States Attorney's Office
   Southern District of New York
   86 Chambers Street, Third Floor
   New York, NY 10007
   By:  Sharanya Mohan, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/17

**Sweet, D.J.**

Victor Mance ("Mance" or the "Petitioner"), proceeding pro se, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition") to correct the error of the United States Parole Commission (the "Commission") revoking his parole. Based on the conclusions set forth below, the Petition is denied.

**I. Prior Proceedings**

On April 8, 1987, the U.S. District Court for the Southern District of New York sentenced Petitioner in case number S87 Cr. 00034-01(WK) to an aggregate prison sentence of ten years to be followed by five years' probation for armed robbery of a U.S. Post Office, threatening a witness to induce the withholding of testimony, and using a firearm in relation to a crime of violence for an offense he committed in 1986. *See* Certificate of Paula Biderman, dated October 31, 2016 ("Biderman Cert."), Ex. 1 (Judgment and Commitment Order).

When he committed the offense, Petitioner was on parole from a ten-year sentence imposed in 1982 by the Bronx

Supreme Court for robbery and criminal use of a firearm. Biderman Cert., Ex. 2 (Presentence Report, or "PSR") at 6. He also had two robbery cases pending in the Bronx Supreme Court of the State of New York Court of the Bronx for offenses he committed on March 18, 1986. PSR at 7. The two robbery cases were consolidated, and on February 6, 1987, he pleaded guilty to attempted robbery in the Supreme Court and was sentenced to five to ten years' imprisonment to run concurrently with any federal time imposed. Biderman Cert., Ex. 3 (Prehearing Assessment) at 1. The State of New York lodged a parole violator detainer for the 1982 sentence and another detainer for the 1987 sentence. Biderman Cert., Ex. 4 (Bureau of Prisons ("BOP") Sentence Summary).

On January 16, 1992, the Commission ordered that the Petitioner continue to serve through the expiration of his sentence due to the severity of the conduct for which he was incarcerated. Biderman Cert., Ex. 5 (Notice of Action). On February 2, 1993, Petitioner was released from federal custody by mandatory release under 18 U.S.C. § 4163, subject to the conditions of 18 U.S.C § 4164, with 1,434 days remaining on his sentence. Biderman Cert., Ex. 6 (Certificate of Mandatory Release). The Petitioner was to remain subject to the 15

2

conditions of release until July 10, 1996. *Id.* Because of a detainer lodged by the New York State Department of Corrections, the BOP transported the Petitioner from the federal institution to the custody of the New York State Department of Corrections, where he remained in confinement until June 27, 1995. Biderman Cert., Ex. 7 (Criminal History Summary) at 10.

On May 8, 1996, Petitioner's U.S. Probation Officer asked the Commission to issue a parole violator warrant. Biderman Cert., Ex. 8 (Violation Report). The Officer reported that Petitioner was arrested on September 8, 1995 by New York State authorities and charged with second degree attempted murder, first degree robbery, second degree burglary, second degree criminal possession of a weapon, and fourth degree criminal possession of stolen property. *Id.* Based on the new charges, the Commission issued a warrant on May 17, 1996, and instructed the U.S. Marshal to lodge the warrant as a detainer. Biderman Cert., Ex. 9 (Warrant Application and Warrant). On August 28, 1997, Petitioner was convicted of robbery, and the Bronx County Supreme Court sentenced him to imprisonment for 15 years to life. Biderman Cert., Ex. 10 (Bronx County Supreme Court Judgment and Warrant Application Supplement).

On December 29, 2015, Petitioner was released from state custody and taken into custody on the Commission's warrant. Biderman Cert., Ex. 9 (Warrant Application and Warrant) at 3. The Commission supplemented the warrant on January 27, 2016 to reflect the state conviction. Biderman Cert., Ex. 10 (Bronx County Supreme Court Judgment and Warrant Application Supplement). The Commission found probable cause for the charged violation of robbery based on the new conviction. Biderman Cert., Ex. 11 (February 2, 2016 Probable Cause Letter).

On February 12, 2016, the Commission provided Petitioner with an expedited revocation proposal to resolve the charges without a hearing. Biderman Cert., Ex. 12 (February 12, 2016 Letter and Response). The proposal would have resulted in revocation of Petitioner's mandatory release supervision, forfeiture of the time since his last release on supervision until the warrant was executed, and re-parole effective October 7, 2016, after service of 253 months. *Id.* Petitioner rejected the proposal. *Id.*

The Commission provided the Petitioner an institutional revocation hearing on March 8, 2016. Biderman Cert., Ex. 13 (Hearing Summary). By notice of action dated March

24, 2016, the Commission revoked the Petitioner's parole (mandatory release), forfeited the time he had spent on federal parole, and ordered that Petitioner continue to serve through to the expiration of his sentence. Biderman Cert., Ex. 14 (Notice of Action).

The Petitioner filed an administrative appeal of the decision to the Commission's National Appeals Board under 18 U.S.C. § 4215(b) and 28 C.F.R. § 2.26. Biderman Cert., Ex. 15 (Appeal). Among his claims, the Petitioner asserted that the Commission unlawfully denied him credit for the time he served in confinement on a state sentence from his mandatory release date of February 2, 1993 until June 27, 1995. *Id*. The Board affirmed the decision on September 28, 2016. Biderman Cert., Ex. 16 (Notice of Action on Appeal). The Board found that the decision was within the Commission's discretion and consistent with the Commission's policy. *Id*.

Petitioner then filed the instant petition on September 16, 2016 (the "Petition"). Because Petitioner received a final decision from the National Appeals Board, he satisfied the requirement that he exhaust his administrative remedies

before seeking relief under § 2241. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

The Petition alleges that the Commission erred in calculating the time remaining on his federal sentence when revoking his parole. Petition at 4. The Petitioner claims he is entitled to credit toward his federal sentence for the time he served in New York State prison from his mandatory release date of February 2, 1993 until June 27, 1995, when he was released from New York State custody. *Id.* Because he was not actually released from confinement until June 27, 1995, Petitioner claims that time was not "street time" and not subject to forfeiture under 28 C.F.R. § 2.52(c)(2). The Petitioner seeks an order from this Court directing the Commission to "credit the time spent in State confinement toward satisfaction of the revocation sentence the petitioner is now serving." Petition at 6. The Petition was marked fully submitted on December 28, 2016.

## II. The Warden is Substituted as Respondent for the Commission

The Commission is not a proper respondent to this petition. In a habeas corpus petition under 28 U.S.C. § 2241, 28 U.S.C. § 2243 requires that federal habeas writs be directed to the "person having custody of the person detained," *i.e.*, the warden of the institution in which the prisoner is confined. *See* 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 427, 435 (2004) (holding that habeas petitioner should name his warden as respondent and file petition in the district of confinement). The Warden of the Federal Correctional Institution in Otisville, New York (the "Warden"), where Petitioner is currently incarcerated, is therefore substituted as the respondent. *See Buchanan v. Warden*, FCI Otisville, No. 13 Civ. 6356 (ALC), 2014 WL 3778205, at *3 (S.D.N.Y. July 31, 2014).

## III. The Petition is Denied

The Petition is denied because the Commission acted within its statutory authority to deny credit from Petitioner's mandatory release date until the date the parole warrant was executed, including the time he served in confinement in New York State custody. *See D'Amato v. U.S. Parole Comm'n*, 837 F.2d

7

72, 79 (2d Cir. 1988) (recognizing 18 U.S.C. § 4210(b)(2)'s grant of authority to the Commission); *Weeks v. Quinlan*, 838 F.2d 41, 44 (2d Cir. 1988) ("[U]nder the Parole Act, the Parole Commission is given broad latitude . . . to implement the parole statutes."). As enunciated in 18 U.S.C. § 4210(b)(2), the Commission has the authority to grant or deny credit on the original sentence for a parolee who is convicted of a new crime he committed while on parole:

> [I]n the case of a parolee who has been convicted of any criminal offense committed subsequent to his release on parole, and such offense is punishable by a term of imprisonment . . . the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense. . . .

18 U.S.C. § 4210(b)(2).[1] Pursuant to this statutory authority, the Commission adopted the policy in 28 C.F.R. § 2.52(c)(2), which provides that "[i]t is the Commission's interpretation of 18 U.S.C. § 4210(b)(2) that, if a parolee has been convicted of

---

[1] Petitioner attaches to his Petition documentation concerning his efforts to exhaust any remedies available to him through the BOP's Adlninistrative Remedy Program. Dkt. No. 1-1. As those documents reflect, Petitioner challenged, as he does through the instant Petition, the Commission's refusal to credit his time spent in state custody between 1993 and 1995. This decision was a decision of the Commission, not of the BOP. 18 U.S.C. § 4210(b)(2).

8

a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence." 28 C.F.R. § 2.52(c)(2). Thus, time spent on parole, or "street time," is subject to forfeiture if a parolee commits a new crime while on parole. *See LaChance v. Reno*, 13 F.3d 586, 589 (2d Cir. 1994) (The Parole Commission's interpretation of the statute [in 28 C.F.R. 2.52(c)(2)] to mean that forfeiture may be imposed for an imprisonable offense, even where no sentence of imprisonment has been imposed, is not only 'sufficiently reasonable,' but consistent with the intent of Congress.").

As required by policy and authorized by statute, the Commission properly denied credit on the Petitioner's federal sentence from the date of his mandatory release until the violator warrant was executed on December 29, 2015, including the time he was confined in state custody. During this period, as a mandatory releasee, Petitioner was subject to all provisions relating to parole of U.S. prisoners. *See* 18 U.S.C. § 4164; 28 C.F.R. § 2.35(a); *DeCuir v. U.S. Parole Comm'n*, 800

9

F.2d 1021, 1022-1023 (10th Cir. 1986) (former inmate released on mandatory release was "subject to the same conditions of release and Commission supervision as true parolees" until the expiration of the released prisoner's maximum term less 180 days). Because the Petitioner violated his mandatory release supervision by committing a new robbery, the Commission was required under its policy to deny sentence credit retroactively from the time he was mandatorily released from federal custody until the date the warrant was executed. The forfeited time is not credited toward the balance of the sentence remaining to be served since the last release.

Petitioner has contended that the time he spent on mandatory release confined in New York State custody was not "street time," and therefore not subject to forfeiture, because he was not released to the community. He claims that because he was in prison and not on the "street," the Commission must credit that as if he were serving prison time on his sentence. However, the forfeiture rule in 28 C.F.R. § 2.52(c) requires that a violator receive no sentence credit from the date of release on parole until the date the warrant was executed. The relevant question is *when* the parolee was paroled from federal custody, not *where*; federal law does not distinguish between

10

time spent on parole or mandatory release while in confinement on a state sentence and time spent on parole in the community. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("[T]here is no statutory provision that accords a prisoner credit against a federal sentence for time served in a state prison on a state charge.") (internal quotation marks and citation omitted).

That Petitioner was not released from custody to the street on his mandatory parole date but was instead released to state custody pursuant to a state detainer does not change the fact that Petitioner was released on parole from the date of his mandatory release. "Where a prisoner has violated both state and federal law and is convicted by both forums, he has brought down upon himself the possibility of being paroled from federal prison to state prison; and there is nothing about a 'parole to a state detainer' that inherently contradicts the notion of 'parole.'" *Garafola v. Wilkinson*, 721 F.2d 420, 424-25 (3d Cir. 1983); *see Weeks*, 838 F.2d at 45-47 (affirming ruling that time in state custody was subject to forfeiture); *Staege v. US Parole Comm'n*, 671 F.2d 266, 269 (8th Cir. 1982) (federal parolee not entitled to state time credit even when state sentencing judge intended to have state and federal sentences served concurrently); *see also United States ex. rel. Stanbridge v.*

11

*Quinlan*, 595 F. Supp. 1145, 1150 (S.D.N.Y. 1984) (holding that "release on federal parole to a state detainer is release on parole," and petitioner was not entitled to credit for time spent in state custody).

Petitioner seeks to bypass the relevant statutory framework by relying on 18 U.S.C. § 3624(e), a statute dealing with supervised release, enacted as part of the Sentencing Reform Act. Petitioner also contends that, because his state sentencing term included an aggregate term for violation of state parole, the Commission should have determined that federal parole ran concurrently with state parole, and that concurrent period should therefore be credited. Dkt. No. 3, at 5-6. To support this argument, Petitioner cites to 28 C.F.R. 2.52(c)(5) for the proposition that "revocation of probation/supervised release does not constitute a conviction for a crime con1mitted while on parole." *Id.* at 6.

Petitioner's parole was revoked not for a separate revocation of probation or supervised release, but for a robbery conviction. With certain inapplicable exceptions, the provisions of the Sentencing Reform Act of 1984 do not apply to "old law" prisoners who committed their offenses before November 1, 1987.

12

See *Dorrough v. United States*, 13 F. App'x 945, 955 (Fed. Cir. 2001) (18 U.S.C. § 3624 applies only to offenses committed after November 1, 1987). Since Petitioner committed his offense behavior prior to November 1, 1987, the Sentencing Reform Act does not apply to him, and his sentence is not controlled by the federal sentencing guidelines or any other provisions enacted under the Sentencing Reform Act.

**IV. Conclusion**

The Warden is substituted as the respondent to the Petition and the Petition is denied.

It is so ordered.

**New York, NY**
**May 17, 2017**

_____
ROBERT W. SWEET
U.S.D.J.