UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

VICTOR MANCE,

               Petitioner,          16 Civ. 7249

  -against-                       OPINION

UNITED STATES PAROLE COMMISSION,

               Respondent.

------------------------------------X

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/17

      Petitioner Victor Mance ("Mance" or the "Petitioner") has applied for leave to appeal in forma pauperis this Court's denial of his motions to reopen judgment and for "bail release." For the following reasons, the application is denied.

**Prior Proceedings**

      The facts and prior proceedings in this case are set forth in this Court's May 17, 2017 Opinion denying Mance's 28 U.S.C. § 2241 petition to correct the United States Parole Commission's decision to revoke his parole. See ECF No. 17.

1

On June 12, 2017, Mance filed an appeal of the May 17, 2017 Opinion with the Second Circuit. The same day, Mance submitted the instant application to proceed *in forma pauperis* on appeal.

**Applicable Standards**

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915. The Court's discretion is limited in that: 'An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.'" Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)) (internal citations omitted); see also Fed. R. App. P. 24(a)(3)(A) ("A party . . . may proceed on appeal in forma pauperis . . . unless the distrct court . . . certifies that the appeal is not taken in good faith . . . ."). The standard for "good faith" in pursuing an appeal is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of an issue not frivolous."); see also Linden v. Harper & Row Publishers, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective "good faith" standard to civil case).

Mance's application states that on appeal, he intends to raise the issue that "[t]he United States Parole Commission failured [sic] to credit time served on federal parole." See ECF No. 19, filed June 12, 2017. However, Mance's claims lack merit, as the United States Parole Commission was acting within its statutory authority in enacting 28 C.F.R. § 2.52(c)(2) and in applying it to Mance's parole time. Therefore, pursuant to 28 U.S.C. § 1915(1)(3), Mance's appeal cannot be taken in good faith and his application to proceed in forma pauperis is denied.

It is so ordered.

**New York, NY**
**June 15, 2017**

ROBERT W. SWEET
U.S.D.J.

3